## BURLEY *v.* PIKE.

### SAME *v.* SAME.

A mortgagee of real estate, who has an order from the mortgagor to cut the grass thereon and apply the proceeds on the mortgage, may maintain trespass *quare clausum* against a stranger who wrongfully enters upon the premises and cuts and carries away the grass.

The fact that in such action he may recover full compensation for its value does not bar an action of replevin for the grass itself, and only becomes material, if at all, upon the question of costs.

TRESPASS *qu. cl.*, for breaking and entering the plaintiff's close, and cutting and carrying away hay. Facts agreed. The plaintiff was mortgagee of the land from which the hay was cut and carried away, and had an order from the mortgagor to cut the hay and apply the net proceeds upon the mortgage note. After receiving the order, the plaintiff notified the defendant not to cut the hay; and the defendant entered, cut, and carried away the hay after such notice.

There is also an action of replevin brought by the plaintiff against the defendant for hay cut and carried away from the premises after such notice.

The court ordered judgment for the plaintiff in both cases, and the defendant excepted.

*Worcester & Gafney*, for the plaintiff. I. Trespass *qu. cl.* lies. 1 Ch. Pl. (16th Am. ed.) 195; *Dolloff* v. *Danforth,* 43 N. H. 219; 2 Gr. Ev., s. 614; *Wentworth* v. *Blanchard*, 37 Me. 14; *Bigelow* v. *Hillman*, ib. 52.

II. For that portion of the hay which was cut and carried away from the premises the plaintiff can maintain replevin. An unlawful interference with the property of another, or exercise of dominion over it, by which the owner is damnified, is sufficient to maintain the action. Replevin lies for hay wrongfully cut by the defendant on the plaintiff's premises. *Nichols* v. *Dewey*, 4 Allen 386. So of timber trees. *Richardson* v. *York*, 14 Me. 216. To support replevin, the plaintiff may have either a general or a special property in the goods. Such general or special ownership or interest as would enable a party to maintain trover will support replevin. 1 Ch. Pl. 167–169, 183; *Gordon* v. *Harper*, 7 T. R. 13; *Blackett* v. *Lowes*, 2 M. & S. 499, 500; 1 Saund. 322, *n.* 5; *Attersoll* v. *Stevens*, 1 Taunt. 191; *Baker* v. *Howell*, 6 S. & R. 476.

*Copeland & Edgerly*, for the defendant. The plaintiff's action of trespass cannot be maintained. In order to maintain trespass *quare clausum*, the plaintiff must have an interest in the land, or in the profits of the soil. The plaintiff did not enter under his mortgage, but under the order which gave him no interest in the soil, or the grass in controversy. He was simply to convert the grass into money, and apply the net proceeds to the payment of his mortgage note; and if the grass was all taken by a third party, he lost nothing, as he was not bound to apply anything upon his note. A person must suffer an injury before he can maintain an action. This is not like the case of *Dolloff* v. *Danforth*, 43 N. H. 219, as in that case the plaintiff purchased the grass at a specified price. If the plaintiff in this case had purchased the grass, then the title would have passed to him, and he could have maintained this action; but the case shows that he was not the owner of the grass, but only the agent of Baker to dispose of the grass. The title never passed from the mortgagor to the plaintiff.

BLODGETT, J.   The exceptions are not well taken.

1. The plaintiff, by virtue of his order, had an interest in the soil of the close so far as it was necessary to the exclusive enjoyment of the growing crop of grass, and to the right to cut and carry it away.   This gave him a sufficient possession to maintain trespass against the defendant for breaking and entering the close; for the term close is technical, and legally signifies the interest in the soil, and not merely a close or enclosure in the common acceptation of this term—1 Ch. Pl. (13th Am. ed.) 173—and therefore trespass *qu. cl.* may be maintained by one who has a separate interest in the soil for a particular use, although the right of the soil is not in him, if he be injured in the enjoyment of his use. And to this effect are numerous authorities.

2. For that portion of the grass which the defendant actually cut and carried away replevin will of course lie.   The fact that the plaintiff might have recovered full compensation for its conversion in his suit for trespass does not affect the right of action, and only becomes material, if at all, upon the matter of costs, which must be settled at the trial term.

*Exceptions overruled.*

CLARK, J., did not sit: the others concurred.